**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **O'NEILL BEVERAGES CO. LLC,** | Case No. ___**26-3706**___ |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| **STEPHEN OUTCAULT and 39th PARALLEL RYE WHISKEY LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

For its Complaint against Stephen Outcault and 39th Parallel Rye Whiskey LLC, Plaintiff O'Neill Beverages Co. LLC ("O'Neill") states as follows:

## NATURE OF THE ACTION

1.     This is a civil action for trademark infringement and unfair competition under federal, state, and common law. O'Neill brings this action because Stephen Outcault ("Outcault") and 39th Parallel Rye Whiskey LLC ("39th Parallel LLC") (collectively, "Defendants") are unlawfully doing business under a confusingly similar trademark in violation of O'Neill's rights. O'Neill seeks to enjoin Defendants' acts, to recover damages and Defendants' profits, and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2.     Plaintiff O'Neill is a Delaware limited liability company having a principal place of business at 8418 South Lac Jac Avenue, Parlier, California, 93648.

3.     Upon information and belief, Defendant 39th Parallel LLC is a New York limited liability company organized under the laws of the State of New York and having a principal place of business at 648-12 Middle County Road, St. James, New York, 11780.

4. Upon information and belief, Defendant Stephen Outcault is an individual residing at 648-11 Middle Country Road, St. James, New York, 11780.

5. Upon further information and belief, Defendant Outcault is the sole owner and member of 39th Parallel LLC.

6. Defendant Outcault is the owner of record of 39TH PARALLEL, U.S. Serial No. 98469151.

7. Upon information and belief, Defendant Outcault manufactures, imports, promotes, distributes, advertises, offers to sell, and sells infringing products in the United States and in the State of New York.

8. Upon information and belief, Defendant Outcault exercises control over 39th Parallel LLC, is the moving, conscious, active force behind 39th Parallel LLC's unlawful conduct, has personally participated in, and has willfully and knowingly directed, the wrongful acts of 39th Parallel LLC, complained of herein, and such wrongful conduct has been for the benefit of the 39TH PARALLEL trademark and for his own individual benefit and gain.

## **JURISDICTION AND VENUE**

9. This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, New York General Business Law §§ 349 and 350, and under the related law of the State of New York.

10. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over O'Neill's state law claims because those claims are substantially related to O'Neill's federal Lanham Act claims.

11.     This Court has personal jurisdiction over Defendants, and venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants are residents of Suffolk County, New York, conduct substantial business in the State of New York, and a substantial part of the events giving rise to O'Neill's claims and/or harm resulting from Defendants' misconduct occurred in this District. Upon information and belief, venue is also proper in this District because Defendants direct their marketing and promotional activities into this District, including through their website at *<39thparallelwhiskey.com>*, which is accessible to consumers in this District, and because Defendants assert that their goods are available for purchase at brick and mortar locations throughout the District, i.e., https://39thparallelwhiskey.com/where-is-the-39th-parallel/.

## GENERAL ALLEGATIONS

12.     O'Neill was founded as "O'Neill Vintners and Distillers" in 2004. Since that time, O'Neill has grown into one of the largest wine producers in the United States, and it is one of the fastest-growing wineries in California. O'Neill markets and sells its wines on a national basis. In addition to wine, O'Neill also markets and sells a variety of distilled spirits and energy drinks, and it has earned a reputation as one of the top, premium wine and spirits producers in the industry. O'Neill maintains a website marketing its business at *<oneillwine.com>*.

13.     Since at least as early as January of 2008, and prior to Defendants' use, O'Neill—itself and through its predecessors in interest—has used the trademark, LINE 39, in interstate commerce, consistently and without interruption, in connection with wine. The LINE 39 mark has been visually represented on product in the manner depicted below consistently since at least as early as August of 2013.



14.     In order to protect the substantial goodwill in its LINE 39 mark, O'Neill owns U.S. Registration No. 3455096, for use in connection with *"wines."* A copy of the registration certificate and status printout for this registration taken from the U.S. Patent and Trademark Office's Trademark Status Document Retrieval is attached hereto as Exhibit A.

15.     The existence of this valid and subsisting federal trademark registration constitutes *prima facie* evidence of the ownership and validity of O'Neill's LINE 39 trademark. Moreover, Registration No. 3455096 is incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of O'Neill's exclusive right to use the LINE 39 mark for the goods specified in Registration No. 3455096.

16.     LINE 39 is one of O'Neill's largest national brands, comprising no fewer than eight different varietals, a red blend, and four organic varietals under the LINE 39 name. In the most recent period ending 31 December 2025, O'Neill shipped more than 425,000 cases of LINE 39 to 50 different states, including without limitation the State of New York. In New York alone, O'Neill shipped 42,500 cases of LINE 39 wines in 2025. O'Neill's LINE 39 brand has become

well-known among consumers through its continuous use, substantial sales volume, and distribution throughout the United States.

17. O'Neill has invested considerable sums in advertising and promoting the LINE 39 brand since its acquisition of the brand in 2014. O'Neill maintains a separate website dedicated to its LINE 39 brand at *<line39wines.com>*.

18. Through its stewardship of the brand for more than 12 years, O'Neill has built up a tremendous amount of goodwill in its LINE 39 wines, and the LINE 39 name has become commercially strong and well known in the wines and spirits industry.

19. Upon information and belief, Defendants reside in Suffolk County, New York. Defendants purport to do business as "39th Parallel."

20. Upon information and belief, Defendants applied to register the trademark, 39TH PARALLEL, with the U.S. Patent & Trademark Office, on 26 March 2024, under Serial No. 98469151, based on intent-to-use.

21. Upon information and belief, Defendants registered the domain name, *<39thparallelwhiskey.com>* ("Defendants' Domain"), on 18 April 2024.

22. Upon information and belief, Defendants began advertising and promoting the infringing rye whiskey under the trademark, 39TH PARALLEL, no earlier than 20 April 2024.

23. Upon information and belief, Defendants use the trademark 39TH PARALLEL on and in connection with "small batch" rye whiskey in the following manner on the relevant goods:



24. Much like O'Neill's usage, Defendants' use prominently emphasizes the number "39."

25. On information and belief, Defendants' copying of Plaintiff's trademark was deliberate and willful, and constituted willful copyright infringement, and was done with an intent by Defendants to unlawfully obtain the benefits of Plaintiff's industry and efforts, and to harm Plaintiff.

26. On 20 June 2025, O'Neill sent a letter to Defendant Outcault demanding that it cease and desist all further use of the 39TH PARALLEL trademark and that it withdraw its pending Serial No. 98469151. In this communication, O'Neill offered Defendant Outcault a commercially reasonable period of time in which to phase out its 39TH PARALLEL use in favor of a non-infringing trademark.

27. Counsel for Defendants responded on 20 June 2025, refusing to comply with O'Neill's demand.

28. Counsel to O'Neill sent opposing counsel a further letter, on 17 July 2025, reiterating its demands. Again, O'Neill offered Defendants a commercially reasonable phase out

period but stated that such offer would be withdrawn if Defendants continued to contest the matter. No response was received.

29.     On 29 July 2025, Stephanie Furgang Adwar, counsel for Defendant Outcault, signed the First Extension of Time on Serial No. 98469151 pursuant to 18 U.S.C. §1001 and filed it with the U.S. Trademark Office.

30.     Thereafter, counsel to O'Neill followed up with Ms. Adwar on three separate occasions, attempting to resolve the dispute and/or obtain further clarification on Defendants' position, all without receiving a response. During this time, Defendant Outcault filed with the Trademark Office its Second Extension of Time to file a Statement of Use on Serial No. 98469151.

31.     In particular, on 3 March 2026, Ms. Adwar signed the Second Extension of Time on Serial No. 98469151 pursuant to 18 U.S.C. §1001, asserting that Defendant Outcault was engaged in "product or service research or development, market research, manufacturing activities, promotional activities" relating to the 39TH PARALLEL trademark, and filed it with the U.S. Trademark Office.

32.     On the fourth attempt to follow up, counsel to O'Neill finally received a response from Ms. Adwar, on 22 May 2026, stating that Defendants' position remained unchanged from its 20 June 2025 response.

33.     As of the date of this Complaint, Defendants continue to use the 39TH PARALLEL trademark in connection with distilled spirits.

34.     Defendants' 39TH PARALLEL trademark is confusingly similar to O'Neill's LINE 39 trademark.

35.    O'Neill and Defendants use their respective marks in connection with similar and/or related goods, in the same channels of trade, and offer their goods to the same categories of consumers.

36.    By using a trademark which is confusingly similar to O'Neill's LINE 39 mark, Defendants are misrepresenting and falsely describing to the general public the origin and source of their alcoholic beverages offered under the infringing 39TH PARALLEL trademark in the United States and creating a likelihood of confusion by purchasers as to the source and sponsorship of such goods.

37.    As a result, Defendants' use of their 39TH PARALLEL trademark is likely to cause confusion, mistake, and deception as to the source or origin of Defendants' goods on the one hand, and O'Neill's goods on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between Defendants and/or their goods on the one hand, and O'Neill on the other, thereby injuring O'Neill and the public.

38.    Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to O'Neill and consumers, both of whom have an interest in being free from confusion, mistake, and deception.

39.    As a direct and proximate result of the foregoing acts of Defendants, O'Neill has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

40.    Since the time Defendant Outcault applied to register the 39TH PARALLEL trademark, Defendants have been on constructive notice of O'Neill's rights in its LINE 39 trademark.

41. Since at least as early as 20 June 2025, Defendants have been on notice of O'Neill's objection to Defendants' use of their 39TH PARALLEL trademark.

42. O'Neill has no adequate remedy at law.

## COUNT ONE
### (against all Defendants)

### Federal Trademark Infringement Under
### Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a)

43. O'Neill repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Defendants' use of the 39TH PARALLEL mark on and in connection with the sale, offering for sale, distribution, advertising, and marketing of their alcoholic beverages, is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

45. Upon information and belief, Defendants acted consciously and in willful disregard of O'Neill's rights, and the resulting damage to O'Neill is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT TWO
### (against all Defendants)

### Federal Trademark Infringement, False Designation of Origin,
### Passing Off, and Unfair Competition
### under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

46. O'Neill repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of this Complaint.

47. Defendants' use in commerce of marks, words, terms, names, and false designations of origin (39TH PARALLEL) and a domain name (*<39thparallelwhiskey.com >*), in connection with their commercial activities, is likely to cause confusion, or to cause mistake, or

to deceive as to the affiliation, connection, or association of Defendants with O'Neill, or as to the origin, sponsorship, or approval of Defendants, their alcoholic beverages, and their commercial activities, by or with O'Neill, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

**COUNT THREE**
**(against all Defendants)**

**Violation of New York General Business Law Sections 349 and 350**

48.     O'Neill repeats and realleges each and every allegation set forth in Paragraphs 1 through 47 of this Complaint.

49.     Defendants' use of the 39TH PARALLEL trademark on and in connection with their alcoholic beverages is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of their goods, is likely to cause confusion or misunderstanding as to the affiliation, connection, or association with O'Neill, and constitutes a representation that Defendants' goods have sponsorship, approval, or characteristics which they do not have, all in violation of NYGBL §§ 349 and 350.

50.     Defendants have engaged in an act that was directed at consumers, namely, Defendants have advertised, marketed, and sold to consumers alcoholic beverages using the infringing trademark, 39TH PARALLEL.

51.     Defendants' aforementioned acts are materially deceptive and misleading.

52.     O'Neill has been injured as a result.

## COUNT FOUR
### (against all Defendants)

### Common Law Trademark Infringement and Unfair Competition

53.     O'Neill repeats and realleges each and every allegation set forth in Paragraphs 1 through 46 of this Complaint.

54.     Defendants' activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with O'Neill's LINE 39 trademark and constitutes unfair competition in violation of New York common law.

### REQUEST FOR RELIEF

Wherefore, O'Neill respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

a.     An Order holding that Defendants' actions described above infringe O'Neill's LINE 39 trademark, and that Defendants' actions constitute trademark infringement, false designation of origin, passing off, unfair competition, and a deceptive trade practice under federal, state, and common law as detailed above;

b.     An Order preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1) From using 39TH PARALLEL or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the LINE 39 trademark, in any manner or form, in connection with any goods or services;

2) From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are sponsored or approved by, or are associated, affiliated, or connected with O'Neill in any way.

c.    An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives;

d.    An Order requiring Defendants to disable the website located at *<39thparallelwhiskey.com>* and requiring Defendants to transfer the *<39thparallelwhiskey.com>* domain to O'Neill;

e.    An Order directing Defendants to file with this Court and serve on O'Neill's attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

f.    An Order requiring Defendants to account for and pay to O'Neill any and all profits arising from or related to Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C. § 1117 and other applicable laws;

g.    An Order requiring Defendants to pay O'Neill the full amount of damages caused by Defendants' unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

h.    An Order requiring Defendants to pay O'Neill its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

i.    Any other relief as the Court may deem appropriate.

**JURY DEMAND**

O'Neill hereby demands a jury trial on all of its claims.

Respectfully submitted,

BECKER, GLYNN, MUFFLY
CHASSIN & HOSINSKI LLP

By: /s/ Jordan E. Stern
    Jordan E. Stern
    299 Park Avenue
    New York, NY  10171
    Tel:  (212) 888-3033
    Fax:  (212) 888-0255
    jstern@beckerglynn.com

KEATING MUETHING & KLEKAMP PLL

By: /s/ Sarah V. Geiger
    Sarah V. Geiger (*PHV application to follow*)
    J. Michael Hurst (*PHV application to follow*)
    One East Fourth Street, Suite 1400
    Cincinnati, Ohio 45202
    Tel:  (513) 579-6400
    Fax: (513) 579-6457
    sgeiger@kmklaw.com
    mhurst@kmklaw.com

*Attorneys for O'Neill Beverages Co. LLC*

Dated:  19 June 2026